UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Anthony Forbes and Julie Forbes,

       Plaintiffs,

v.                                         Civil No. 08-172 (JNE/JJG)
                                         ORDER

General Motors Corporation,
Miller Industries Towing Equipment Inc.,
Zip's Truck Equipment, Inc.,
Harpel Bros., Inc., John Doe,
Richard Roe, and the XYZ Entity,

       Defendants.

      Anthony and Julie Forbes brought this action against General Motors Corporation, Miller Industries Towing Equipment Inc., Zip's Truck Equipment, Inc., Harpel Bros., Inc., unidentified individuals, and an unidentified entity in state court.  The Forbeses asserted claims under federal law for violation of the Consumer Product Safety Act's reporting requirements and under state law for negligence, strict liability, breach of express and implied warranties, misrepresentation, violation of Minnesota's false advertising statute, and violation of the Minnesota Consumer Fraud Act.  General Motors removed the action from state court on the basis of federal question jurisdiction.  The case is before the Court on Harpel Bros.' Motion for Summary Judgment.  For the reasons set forth below, the Court dismisses the Consumer Product Safety Act claim and remands the state-law claims to state court.

*Consumer Product Safety Act*

      In Count Eight of their Amended Complaint, the Forbeses claim that General Motors, Miller Industries Towing Equipment, Zip's Truck Equipment, and Harpel Bros. failed to notify the United States Consumer Products Safety Commission that a truck was defective and unreasonably dangerous in violation of the Consumer Product Safety Act's reporting

1

requirements.  *See* 15 U.S.C. § 2064(b) (2006) (amended 2008); 16 C.F.R. pt. 1115 (2008).  As a

direct result of the violation, the Forbeses claim, Anthony Forbes was injured.

Harpel Bros. moves for summary judgment on the ground that no private right of action

to assert alleged violations of the Act's reporting requirements exists.  The Forbeses respond to

Harpel Bros.' motion by requesting a continuance to conduct discovery under Rule 56(f) of the

Federal Rules of Civil Procedure.  The Eighth Circuit recently explained how to invoke Rule

56(f):

> To request discovery under Rule 56(f), a party must file an affidavit describing:
> (1) what facts are sought and how they are to be obtained; (2) how these facts are
> reasonably expected to raise a genuine issue of material fact; (3) what efforts the
> affiant has made to obtain them; and (4) why the affiant's efforts were
> unsuccessful.

*Johnson v. United States*, 534 F.3d 958, 965 (8th Cir. 2008); *see Nolan v. Thompson*, 521 F.3d

983, 986 (8th Cir. 2008) ("In the absence of a Rule 56(f) motion for a continuance accompanied

by an affidavit showing what specific facts further discovery might uncover, a district court

generally does not abuse its discretion in granting summary judgment on the basis of the record

before it.").  Here, the Forbeses did not submit an affidavit to support their request under Rule

56(f).  Nor have they explained how any anticipated discovery will demonstrate that a private

right of action to assert alleged violations of the Act's reporting requirements exists.  With regard

to Count Eight, the Court denies the Forbeses' request under Rule 56(f).

In support of its motion, Harpel Bros. cites *Drake v. Honeywell, Inc.*, 797 F.2d 603 (8th

Cir. 1986).  In *Drake*, the Eighth Circuit held that the Act does not create a private cause of

action for an injury resulting from noncompliance with the product hazard reporting rules issued

by the Consumer Product Safety Commission.  797 F.2d at 604; *see Gregory v. Honeywell, Inc.*,

835 F.2d 181, 183 (8th Cir. 1987).  The Forbeses do not attempt to distinguish *Drake*, and the

Court discerns no meaningful distinction.  *Drake* applies to the Forbeses' claim for violation of

the Act's reporting requirements.  Accordingly, the Court dismisses Count Eight as to all defendants.  *Cf. Lindsey v. Jewels by Park Lane, Inc.*, 205 F.3d 1087, 1094 (8th Cir. 2000) ("[A] sua sponte grant of summary judgment is appropriate only when the party against whom judgment will be entered is given sufficient advance notice and an adequate opportunity to respond, unless the losing party has failed to state a claim." (citation omitted)).

### State-law claims

The sole basis for jurisdiction over the Forbeses' state-law claims is 28 U.S.C. § 1367(a) (2000), which permits a district court to exercise supplemental jurisdiction over claims that are part of the same case or controversy as claims that fall within its original jurisdiction.  A district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Having dismissed Count Eight, the sole count with the Court's original jurisdiction, the Court declines to exercise supplemental jurisdiction over the Forbeses' state-law claims.  *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008); *Barstad v. Murray County*, 420 F.3d 880, 888 (8th Cir. 2005).  The Court remands the state-law claims to state court.  *See Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002).

### Conclusion

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.  Harpel Bros.' Motion for Summary Judgment [Docket No. 14] is GRANTED as to Count Eight of the Amended Complaint.

2.  Count Eight of the Amended Complaint is DISMISSED WITH PREJUDICE.

3.      Counts One to Seven of the Amended Complaint are REMANDED to
        Minnesota's Fourth Judicial District.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  September 30, 2008

                                        s/  Joan N. Ericksen
                                        JOAN N. ERICKSEN
                                        United States District Judge